**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SUSANNE M. TORRE and LOUISE DECAMILLO,**

      **Plaintiffs,**

v.                                                                       **3:14-CV-01067 (BKS/DEP)**

**TOWN OF TIOGA; LEWIS W. ZORN, Town of
Tioga Supervisor in his Official Capacities,**

      **Defendants.**
_____

**Appearances:**

For Plaintiffs
**Amy C. Chambers**
Law Office of Ronald R. Benjamin
P.O. Box 607
126 Riverside Drive
Binghamton, NY 13902-0607

For Defendants
**Terry Rice**
Rice & Amon
Four Executive Boulevard, Suite 100
Suffern, NY 10901

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiffs Susanne M. Torre and Louise DeCamillo filed suit in New York State Supreme Court, Tioga County, on July 18, 2014, seeking damages which they alleged that the defendants Town of Tioga and its supervisor, Lewis W. Zorn, had caused to Plaintiffs' residential property.

(Dkt. No. 1-1). Plaintiffs asserted causes of action for the unlawful taking of property, in violation of the Due Process Clause of the Fifth Amendment and 42 U.S.C. § 1983; trespass; encroachment; nuisance; and conversion. (Dkt. No. 1-1).

On August 28, 2014, Defendants filed a notice of removal, seeking to remove this action from New York State Supreme Court under 28 U.S.C. §§ 1441(c) and 1331 because the action "arises under the Constitution and laws of the United States and involves a federal question." (Dkt. No. 1, p. 2). On October 15, 2014, Defendants moved to dismiss Plaintiffs' complaint under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 5). On February 3, 2015, Plaintiffs opposed Defendants' motion and filed a cross-motion for leave to serve a late notice of claim. (Dkt. No. 15-21). Plaintiffs' counsel also filed an affirmation in which she stated that Plaintiffs were "withdrawing their First Cause of Action, alleging due process violations, their Fourth Cause of Action, alleging a taking, and their Sixth Cause of Action for conversion, and thus, will only be opposing that part of the defendants' motion seeking to dismiss their Second and Third Causes of Action for trespass/encroachment and their Fifth Cause of Action for nuisance." (Dkt. No. 15, ¶ 4). In an Order entered on March 10, 2015 the Court granted Plaintiffs' request to withdraw those claims and deemed the complaint amended. (Dkt. No. 20).

The March 10, 2015 Order eliminated all of the federal claims from the complaint. The Court therefore directed the parties to submit briefs on or before March 24, 2015 explaining why this case should not be remanded to state court.[1] To date, neither party has responded.

---

[1] **The Order questioned whether the Court has subject matter jurisdiction (Dkt. No. 20); in fact, as set forth below, the Court does have supplemental jurisdiction over the state law claims, but declines to exercise that jurisdiction.** *See* **28 U.S.C. § 1367(a) and (c).**

## II. DISCUSSION

"[T]he court has an obligation to consider its subject matter jurisdiction *sua sponte*." *Sekiguchi v. Long*, No. 3:13-cv-01223 (CSH), 2013 WL 5357147, at *1, 2013 U.S. Dist. LEXIS 137351, at *2 (D. Conn. Sep. 25, 2013) (citing *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)). Under the "well-pleaded complaint" rule, "federal question jurisdiction exists only if 'plaintiff's statement of his own cause of action shows that it is based' on federal law." *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)). Defendants removed this action on the basis of the federal questions in involved in this case. *See* 28 U.S.C. §§ 1441(c) and 1331. However, Plaintiffs have withdrawn those claims. Plaintiffs' remaining claims, trespass, encroachment, and nuisance, arise under state law. *See Helmsley Spear, Inc. v. Fishman*, 11 N.Y.3d 470, 476, 872 N.Y.S.2d 383, 387 (2008) ("The tort of private nuisance, much like the tort of trespass, has historically been governed by state law."); *Capruso v. Vill. of Kings Point*, 23 N.Y.3d 631, 992 N.Y.S.2d 469 (2014) (discussing encroachment, trespass and nuisance by referring to state law); *Romeo v. Sherry*, 308 F. Supp. 2d 128, 142-43, 145 (E.D.N.Y. 2004) (referring to trespass and nuisance as state law claims). Thus, the Court no longer has federal question jurisdiction over this matter.[2]

The Court presently has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367(a). *See Briarpatch, Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) ("[F]ederal courts have supplemental jurisdiction to hear state law claims that are so related to federal question claims brought in the same action as to form part of the same case or

---

[2] As all parties appear to be citizens of New York, (*see* Dkt. No. 1-1, p. 2), there is no basis for finding diversity jurisdiction under 28 U.S.C. §1332(a).

controversy under Article III of the United States Constitution.") (internal quotation marks omitted)). The Court may, however, "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . judicial economy, convenience, fairness and comity – will point toward declining to exercise jurisdiction of the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Remand is particularly appropriate here where discovery had not even begun: defendants filed their motion to dismiss shortly after filing their answer. *See Certilman v. Becker*, 807 F. Supp. 307, 310 (S.D.N.Y. 1992) (declining to exercise jurisdiction where "the complaint was amended to omit all federal-law claims *before the parties engaged in any discovery* and before any responsive pleading was filed") (emphasis added); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (noting that in cases "where the federal claims had been dismissed at a relatively early stage and the remaining claims involved issues of state law that were unsettled, we have concluded that the exercise of supplemental or pendent jurisdiction was an abuse of discretion") (citations omitted); *Coalts-Young v. Glens Falls Hosp.*, No. 1:14–cv–271, 2014 WL 6474855, at *6, 2014 U.S. Dist. LEXIS 162078, at *16 (N.D.N.Y. Nov. 19, 2014) (declining to exercise jurisdiction over state claims which remained after federal claims were dismissed because the "case is in its infancy, state court was . . . the forum of plaintiffs' choice . . . [and] there is no specter . . . of any bad faith effort to manipulate the forum in a manner that counsels against a remand") (internal quotation marks omitted); *Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co.*, 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) (remanding to state court when "the plaintiffs

abandoned their sole federal claim before the Court decided the fully submitted motions for a preliminary injunction and to dismiss").

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED** that the case is remanded to the New York State Supreme Court in Tioga County, Index No. 44933, and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the clerk of the New York Supreme Court in Tioga County, and it is further

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 5) and Plaintiffs' Cross-Motion for Leave to Serve a Late Notice of Claim (Dkt. No. 15) are denied as moot.

**IT IS SO ORDERED.**

April 2, 2015
Syracuse, New York

Brenda K. Sannes
U.S. District Judge